UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:                                          Case No. 08-55700-wsd

      STRICKSTEIN, IRVING,                    Chapter 7

          Debtor.                          Hon. Walter Shapero

_____/

## OPINION GRANTING FEE APPLICATION OF BARRIS, SOTT, DENN & DRIKER, PLLC, SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE

This matter came before the Court upon the Application for Compensation of Barris, Sott, Denn & Driker, P.L.L.C., as Special Counsel to K. Jin Lim, Chapter 7 Trustee which seeks fees in the amount of $48,939.50 and expenses of $3899.72. (Docket No. 136). Creditor Comerica Bank and the Chapter 7 Trustee each filed objections to the Application. (Docket Nos. 138 and 141). These Objections were resolved in part by Applicant agreeing to amend its request to seek $15,951.41, the total amount of fees and expenses incurred post-petition. The parties also agreed that the $10,000 pre-petition retainer could appropriately be applied against the fees for pre-petition services. The sole matter remaining for decision is Comerica's objection, to the extent it argues that fees should not be awarded because the state court litigation prosecuted by Applicant lacked merit, was dismissed for failure to state a claim, and was of no benefit to the estate.

Comerica commenced its lawsuit against Debtor in state court in 2008 seeking money damages arising out of various contractual obligations. Debtor asserted counterclaims based on alleged misrepresentations and breaches of fiduciary duty in respect to which Comerica filed a motion for summary disposition on June 17, 2008. Applicant represented Debtor in the state court proceedings. This chapter 7 was commenced on June 28, 2008 and the Trustee sought and obtained approval from this Court for Applicant to represent the Trustee in connection with, and to further pursue that ongoing case, and in particular the counterclaims of Debtor. Pursuant to its opinion and

order dated November 20, 2008, the state court granted Comerica's motion and dismissed Debtor's counterclaim primarily on grounds that the claimed misrepresentations were not alleged with the required particularity and the relationship of Comerica to Debtor in regard to the transactions in question did not amount to a fiduciary one.

For work performed to be compensable, the Applicant has the burden of proving that such services were "reasonably likely to benefit the debtor's estate." 11 U.S.C. § 330(a)(4)(A)(ii)(l). "While § 330 requires a determination that the services were 'reasonably likely to benefit the estate', there is no requirement that the services at issue resulted in an actual benefit to the estate. *In re New Boston Coke Corp.*, 299 B.R. 432, 439 (Bankr. E.D. Mich. 2003) (citing 2 Lawrence P. King, *Collier on Bankruptcy*, § 330.04[5][c](15th ed. 2003)). The Court must look to the nature and necessity of the services at the time they were performed. *Id.*

The Trustee evaluated the counterclaim's potential and thought enough of it to hire counsel to pursue it. The state court's opinion, while dismissing the Debtor's claims, was not summarily or disdainfully dismissive of the arguments made in opposition to their dismissal. That opinion simply dealt with the claims and arguments on their merits and this Court does not detect from the opinion or the various briefs involved, such a lack of merit in Applicant's arguments as to be considered, in hindsight, to have been from the beginning either frivolous or so without merit as to be the basis for denial of compensation for their pursuit. Comerica simply won the day and got the better of legitimate and arguable legal positions – nothing more and nothing less. Had the counterclaim been successful, it would have resulted in a significant asset to the estate.

Having reviewed the application and finding it otherwise reasonable, the Applicant is awarded fees and expenses of $15,951.41. The Court will enter an appropriate order.

.

**Signed on December 11, 2009**

_____ __/s/ Walter Shapero_     ____
**Walter Shapero**
**United States Bankruptcy Judge**